United States District Court
Southern District of Texas

**ENTERED**

April 30, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON MORENO MARTINEZ, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-01673 |
| Petitioner, | | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| MARTIN FRINK, *et al*, | § § | |
| Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Milton Moreno Martinez filed a petition for writ of *habeas corpus* on February 28, 2026. Dkt 1. Prior order noted that the petition appeared to primarily raise issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 4. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Dkt 4 at 4.

Petitioner filed a motion for temporary restraining order seeking immediate release from custody, the same relief as sought in the petition itself. See Dkt 7 at 7; see also Dkt 1 at ¶100. The Government timely responded to the petition, and Petitioner replied. See Dkts 10 (response) & 11 (reply).

Petitioner then filed an amended petition. See Dkt 13. He asserts that his present detention under violates (i) the Immigration and Nationality Act, (ii) procedural due process, (iii) the Fourth Amendment and 8 USC §1357(a)(2), and (iv) the *Accardi* doctrine. Id at ¶¶25, 68–98.

The Government responded to the amended petition. Dkt 14. It notes that the claims raised therein are the same as those raised in the original petition. Id at 1; see also Dkt 1 at ¶¶65–95. In any event, the Government maintains that prior decisions by the undersigned foreclose these claims. Dkt 14 at 1.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08; see also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect).

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to

the extent that petitions are addressed on the merits.

The arguments presented by Petitioner in the original and amended petition raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The amended petition for writ of *habeas corpus* by Petitioner Milton Moreno Martinez is thus DENIED. Dkt 13.

The motion by Petitioner for temporary restraining order is DENIED AS MOOT. Dkt 7.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on April 30, 2026, at Houston, Texas.

CREshridge

Honorable Charles Eskridge
United States District Judge

3